UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF GABRIEL LASALA, AS OWNER OF THE 2016 WORLD CAT MODEL 295CC, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO. 18-11057 c/w<br>18-11138, 19-9706<br>19-9798, 19-9819<br><br>SECTION D (2) |

THIS DOCUMENT RELATES ONLY TO DOCKET NO. 18-11057

ORDER

Before the Court is the Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), or Alternative Motion for Summary Judgment filed by Sally Presser and Dale Presser.[1] Claimant has filed an Opposition,[2] and the Pressers have filed a Reply.[3] After careful consideration of the parties' memoranda and the applicable law,-and finding that Claimant may be entitled to limit his liability, the Court denies the Motion.

I. FACTUAL BACKGROUND

This case arises from a boat's allision with a fixed platform. Gabriel Lasala owned a 2016 World Cat Model 295CC vessel.[4] On the evening of April 28, 2018, Lasala was aboard the vessel with Dale Presser, his minor son, C.P., Randall Patterson and Marc Junot.[5] As they were proceeding out to the Gulf of Mexico, the

---

[1] R. Doc. 4.
[2] R. Doc. 5.
[3] R. Doc. 8.
[4] R. Doc. 1 at 2 ¶ IV.
[5] *Id.* at 2 ¶ VI.

vessel struck a fixed platform owned by Cantium L.L.C.[6] Various individuals aboard the vessel suffered injuries.[7] It is undisputed that the vessel was a pleasure craft owned by Lasala in his personal capacity, and further that he was navigating the vessel at the time of the allision.[8]

Lasala later filed this action under the Ship Owner's Limitation of Liability Act, seeking to limit his liable to the cost of the vessel, which he alleges is valued at $1,300.[9] Various other suits arising from the same facts and circumstances were also filed. Foremost Insurance Company ("Foremost"), the insurer of Lasala, sued Cantium, the owner of the fixed platform.[10] The Pressers and others aboard the vessel sued Foremost, Lasala's insurer.[11] Lasala also sued Foremost and Cantium.[12] These matters have been consolidated.[13]

The Pressers now move to dismiss Lasala's limitation action, arguing that he fails to state a claim, or, in the alternative, that summary judgment is appropriate.[14] The Pressers argue that because Lasala was the owner of his own pleasure vessel, and because he was operating it himself at the time of the allision, he cannot limit his own liability as the damage cannot be said to have occurred "without his privity of knowledge." The Pressers rely heavily on *Fecht v. Makowski*[15] to argue that Fifth

---

[6] *Id.* at 2 ¶ VI.
[7] *Id.* at 2 ¶ VI.
[8] *Id.* at 2 ¶ IV-V.
[9] *See generally* R. Doc. 1.
[10] *See* Docket No. 19-9819.
[11] *See* Docket No. 18-11138; Docket No. 19-9706.
[12] *See* Docket No. 19-9798.
[13] *See* R. Docs. 13-14.
[14] R. Doc. 4.
[15] 406 F.2d 721 (5th Cir. 1969).

Circuit law is clear that Lasala, as "owner at the helm," may not limit his liability in these circumstances.

Lasala opposes the Motion. He contends that *Fecht* was later limited by another Fifth Circuit case, *Farrell Lines, Inc. v. Jones*.[16] He further argues that the allision was caused by Cantium's negligence in failing to light its fixed platform, and not by his negligence, and therefore he should be allowed to limit his damages to the cost of the vessel. The Pressers have filed a Reply, in which they seek to distinguish the cases cited by Lasala.

## II.   LEGAL STANDARD

To overcome a defendant's motion to dismiss, a plaintiff must plead a plausible claim for relief.[17] A claim is plausible if it is pleaded with factual content that allows the court to reasonably infer that the defendant is liable for the misconduct alleged.[18] But, no matter the factual content, a claim is not plausible if it rests on a legal theory that is not cognizable.[19] In ruling on a motion to dismiss, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff.[20] However, the allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are

---

[16] 530 F.2d 7 (5th Cir. 1976).
[17] *Romero v. City of Grapevine, Tex.*, 888 F. 3d 170, 176 (5th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
[18] *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (citing *Iqbal*, 556 U.S. at 678).
[19] *Shandon Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F. 3d 1029, 1032 (5th Cir. 2010) (per curiam).
[20] *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).

true.[21] "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[22]

### III. ANALYSIS

The Limitation of Liability Act allows the owner of a vessel to limit his liability for certain claims to the value of the vessel and pending freight.[23] The claims subject to limitation "are those arising from any embezzlement, loss, or destruction of any property, goods, or merchandise shipped or put on board the vessel, any loss, damage, or injury by collision, or any act, matter, or thing, loss, damage, or forfeiture, done occasioned, or incurred, without the privity or knowledge of the owner."[24] The Limitation Act provides that a vessel owner such as Lasala may limit its liability only if it shows that the fault causing the loss occurred without its "privity or knowledge."[25] It is the final phrase in the statute—"without the privity or knowledge of the owner"—that is at issue here. Because Lasala was navigating his own pleasure craft at the time of the allision, the Pressers argue that Lasala clearly had "privity or knowledge" and therefore cannot limit liability. Lasala retorts that because it was the negligence of Cantium in failing to light its platform, and not his negligence, he should be allowed to limit his liability under existing Fifth Circuit law.

The Pressers primarily rely upon *Fecht v. Makowski*,[26] a fifty-year-old Fifth Circuit case, to argue that Lasala had privity as a matter of law solely by being the

---

[21] *Bell Atlantic v. Twombly*, 550 U.S. 544, 545 (2007).
[22] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (internal citations omitted).
[23] 46 U.S.C. § 30505.
[24] *Id.* § 30505(b).
[25] *Id.*
[26] 406 F.2d 721 (5th Cir. 1969).

owner and operator of the vessel and therefore cannot be allowed to limit his liability. In that case, Makowski was operating his pleasure craft when it struck a submerged object. He petitioned to limit his liability. The Fifth Circuit held that the petition should have been dismissed, because Makowski had "privity or knowledge" as a matter of law. Specifically, the Fifth Circuit stated "when an owner is in control of and operating his pleasure craft he has privity or knowledge with respect to its operation, therefore he is not entitled to limitation for accidents *arising from his negligence*."[27]

Seven years later, the Fifth Circuit fashioned a new test that seemed to be in tension with *Fecht*. In *Farrell Lines, Inc. v. Jones*, the Fifth Circuit explained:

> The determination of whether a shipowner is entitled to limitation employs a two-step process. First, the court must determine what acts of negligence or conditions of unseaworthiness caused the accident. Second, the court must determine whether the shipowner had knowledge or privity of those same acts of negligence or conditions of unseaworthiness. Knowledge or privity of any fact or act causing the accident is not enough for denial of limitation; it is only knowledge or privity of negligent acts or unseaworthy conditions which trigger denial of limitation.[28]

Claimant argues that *Farrell Lines* governs, and the Court may not deny limitation until there has been a determination made of "what acts of negligence or conditions of unseaworthiness" caused the accident.

---

[27] *Id.* at 722 (emphasis added).
[28] *Farrell Lines, Inc. v. Jones*, 530 F.2d 7, 10 (5th Cir. 1976).

In addition to *Farrell Lines*, several other cases suggest that *Fecht* has limited applicability. In *Petition of M/V Sunshine II*,[29] the same judge who wrote *Fecht* analyzed the *Fecht* decision. He described the holding of *Fecht* as a "precatory statement [that] is hardly a legal principle."[30] The Court continued:

> In short, in most circumstances negligence in operation will be sufficiently connected to the owner on board his own small vessel and operating it that he will be found to have privy or knowledge, but this common sense recognition of how the facts will usually work out *is not an ineluctable doctrine to be applied at the pleading stage*, on conclusory and disputed allegations, as a substitute for the knowledge necessary to lead a court to a rational decision.[31]

Finally, he described *Fecht*'s holding as "a useful tool directed toward proper decision and not a talisman."[32] *Petition of M/V Sunshine* instead endorsed the two-step analysis of *Farrell Lines*.[33]

In *In re Muer*,[34] the Sixth Circuit similarly endorsed the two-step analysis of *Farrell Lines* and rejected the approach of *Fecht*, holding that dismissing a case on summary judgment because the captain was aboard the vessel "would obviate the claimant's burden to demonstrate negligence or unseaworthiness."[35] *In re Muer* thus further emphasized the tension between *Farrell Lines* and *Fecht*. As another judge of this district has written "[T]he Fifth Circuit has repeatedly . . . failed to follow or extend *Fecht* on numerous occasions."[36]

---

[29] 808 F.2d 762 (11th Cir. 1987).
[30] *Id.* at 765.
[31] *Id.* (emphasis added).
[32] *Id.*
[33] *Id.* at 764.
[34] 146 F.3d 410 (1998).
[35] *Id.* at 415.
[36] *In re South Coast Boat Rentals, Inc.*, No. 98-3452., 1999 WL 615180, at *3 (E.D. La. Aug. 12, 1999).

The Court finds that Claimant has the better of the argument, and that the two-step analysis laid out in *Farrell Lines* is the proper approach here. Although *Fecht* remains Fifth Circuit law, the Court is mindful of how *Farrell Lines* constrains and modifies *Fecht*. In short, barring an uncontested showing of negligence on the part of the vessel owner or unseaworthiness, neither of which has been shown at this juncture, the Court finds that dismissal of the limitation action at this stage improper.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss is **DENIED**.

New Orleans, Louisiana, November 25, 2020.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**