**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN THE MATTER OF GABRIEL LASALA, AS OWNER OF THE 2016 WORLD CAT MODEL 295CC, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO. 18-11057 c/w<br>18-11138, 19-9706<br>19-9798, 19-9819<br><br>SECTION D (2) |

**THIS DOCUMENT RELATES TO ALL CASES**

**ORDER**

Before the Court is Foremost Insurance Company's Motion for Summary Judgment.[1] Various parties have filed Oppositions,[2] and Foremost has filed a Reply.[3] Cantium, LLC has filed a Sur-Reply,[4] and Cantium has filed a Response to the Sur-Reply.[5] After careful consideration of the parties' memoranda, the record, and the applicable law, the Courts grants the Motion in part and denies the Motion in part.

## I.    FACTUAL BACKGROUND

This case arises from a boat's collision with a fixed platform. Gabriel Lasala owned a 2016 World Cat Model 295CC vessel.[6] On the evening of April 28, 2018, Lasala was aboard the vessel with Dale Presser, Presser's minor son, C.P., Randall Patterson and Marc Junot.[7] As they were proceeding out to the Gulf of Mexico, the

---

[1] R. Doc. 19.
[2] R. Doc. 52 (Pressers); R. Doc. 53 (Cantium); R. Doc. 54 (Lasalas).
[3] R. Doc. 62.
[4] R. Doc. 65.
[5] R. Doc. 67.
[6] R. Doc. 1 at 2 ¶ IV.
[7] *Id.* at 2 ¶ VI.

vessel struck a fixed platform owned by Cantium L.L.C. ("Cantium").[8]   Various individuals aboard the vessel suffered injuries.[9]   Following the collision, Lasala's insurer, Foremost, obtained possession of the vessel.  The vessel was later sold and destroyed.

Lasala later filed an action under the Ship Owner's Limitation of Liability Act, seeking to limit his liability to the cost of the vessel, which he alleges is valued at $1,300.[10]   Various other suits arising from the same facts and circumstances were also filed.  As relevant here, the Pressers, the Lasalas, the Pattersons, and Cantium sued Foremost alleging a claim of spoliation of evidence under Louisiana law due to the destruction of the vessel.[11]   The Complaints were later amended to include federal claims.[12]   These matters were consolidated.[13]

Foremost now moves for summary judgment on the issue of the spoliation claim.[14]   In its initial Motion, Foremost argued that recovery of damages for negligent spoliation of evidence under Louisiana Civil Code article 2315 is not recognized under Louisiana law.  Foremost relied heavily on *Reynolds v. Bordelon,*[15] a recent Louisiana Supreme Court case addressing a claim of negligent spoliation, to argue that damages cannot be awarded.  The Pressers, the Lasalas, and Cantium each filed an Opposition

---

[8] *Id.* at 2 ¶ VI.

[9] *Id.* at 2 ¶ VI.

[10] *See generally* R. Doc. 1.

[11] *See* Docket No. 18-11138, R. Doc. 1 (Pressers); Docket No. 19-9706, R. Doc. 1 (Lasalas); Docket No. 19-9706, R. Doc. 1 (Pattersons); Docket No. 19-9819, R. Doc. 7 (Cantium).

[12] R. Doc. 38 (Pressers); R. Doc. 39 (Lasalas); R. Doc. 42 (Pattersons).

[13] *See* R. Docs. 13-14.

[14] R. Doc. 19.

[15] 172 So. 3d 589 (La. 2015).

to the Motion.[16]  The thrust of the parties' opposition was that their claims were not for negligent spoliation, which was addressed in *Reynolds*, but rather for intentional spoliation, for which damages are an appropriate remedy.  The Lasala's Opposition also stressed that their claims arose not only under Louisiana law, but federal law.

Foremost filed a Reply,[17] in which it shifted course and argued that monetary damages are not recoverable for any claim of spoliation, whether negligent or intentional, under Louisiana or federal law.  It argued that the parties' intentional spoliation claims arose under Louisiana Civil Code article 2315, which it argues only provides a remedy for negligent conduct.  Cantium filed a Sur-Reply,[18] in which it argued that Louisiana Civil Code article 2315 sweeps wider than only negligent conduct, and that Louisiana courts now recognize intentional spoliation as a separate tort.  Foremost filed a Response to Cantium's Sur-Reply,[19] in which it argued that adverse inference, not monetary damages, is the more common and appropriate remedy Louisiana courts recognize for intentional spoliation.

## II.   LEGAL STANDARD

Summary judgment is proper if the movant shows there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law.[20] If the movant shows the absence of a disputed material fact, the non-movant "must go beyond the pleadings and designate specific facts showing that there is a genuine

---

[16] R. Doc. 52 (Pressers); R. Doc. 53 (Cantium); R. Doc. 54 (Lasalas).
[17] R. Doc. 62.
[18] R. Doc. 65.
[19] R. Doc. 67.
[20] FED. R. CIV. P. 56(a).

issue for trial."[21]  The Court views facts and draws reasonable inferences in the non-movant's favor.[22]  The Court neither assesses credibility nor weighs evidence at the summary judgment stage.[23]

## III.   ANALYSIS

The instant dispute can be resolved by answering a single, straightforward question: Are monetary damages a recognized remedy for the tort of intentional spoliation under Louisiana law?  The Court begins by addressing whether a claim for intentional spoliation exists under Louisiana law.  If such a claim arises, it does so under Louisiana Civil Code article 2315, which reads "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."[24] Louisiana courts have recognized a claim for intentional spoliation under article 2315.[25]

---

[21] *McCarty v. Hillstone Restaurant Grp., Inc.*, 864 F.3d 354, 357 (5th Cir. 2017).

[22] *Vann v. City of Southaven, Miss.*, 884 F.3d 307, 309 (5th Cir. 2018).

[23] *Gray v. Powers*, 673 F.3d 352, 354 (5th Cir. 2012) (internal citation omitted).

[24] La. Civ. Code art. 2315(A).  Foremost argues that Louisiana Civil Code article 2315 encompasses only negligent conduct.  The argument lacks merit.  Louisiana caselaw makes clear that this statute extends not only to negligent conduct, but intentional conduct as well.  *See, e.g., Zimmerman v. Progressive Sec. Ins. Co.*, 174 So.3d 12301 1235 (La. App. 2 Cir. 2015) ("Furthermore, Louisiana embraces a broad civilian concept of 'fault' that encompasses any conduct falling below a proper standard, including intentional torts.").  The Court additionally notes that some Louisiana courts have found a separate basis for the tort of intentional spoliation.  *See Carter v. Exide*, 661 So.2d 698 (La. App. 2 Cir. 1995).  However, in light of the Louisiana Supreme Court's discussion in *Reynolds*, the Court agrees with the Louisiana courts which base the intentional spoliation claim in Louisiana Civil Code article 2135.

[25] *Union Pump Co v. Centrifugal Tech., Inc.*, No. 05-0287, 2009 WL 3015076, at *5 (W.D. La. Sept. 19, 2009) ("All five Louisiana Circuit Courts of Appeal have recognized spoliation as a valid tort claim."); *see also Bethea v. Modern Biomedical Servs., Inc.*, 704 So.2d 1227, 1233 (La. App. 3 Cir. 1997) (holding that intentional spoliation is a cause of action under La. Civ. Code art. 2135); *Sayre v. PNK (Lake Charles), LLC*, 188 So.3d 428, 444 (La. App. 3 Cir. 2016) ("Thus, La. Civ. Code art. 2315 encompasses the torts of impairment of a civil claim and intentional spoliation of evidence.").

The case relied on heavily by Foremost, *Reynolds v. Bordelon*,[26] is not to the contrary.  In that case, the Louisiana Supreme Court held that no cause of action for negligent spoliation exists under Louisiana Civil Code article 2315.   But the reasoning and clear wording of the opinion cabins the holding to only *negligent* spoliation, rather than intentional spoliation.  The second sentence of the decision states "For the reasons that follow, we hold that no cause of action exists for negligent spoliation of evidence."[27]  The court explained its decision after an analysis of the policy perspectives of negligence claims.  One such policy concern underpinning the Louisiana Supreme Court's holding in *Reynolds* was that negligent spoliation of evidence is, by its nature, an unintentional act, and therefore recognizing such a tort would not deter future harmful action.[28]  Another policy consideration is the satisfaction of the community's sense of justice. The same reasoning and concerns does not apply to a claim of *intentional* spoliation.

Having determined that a cause of action for intentional spoliation exists under Louisiana law, the Court next considers whether damages are a suitable remedy for such a claim.  Foremost makes much of the fact that neither Cantium nor any other party has identified a Louisiana case where damages were awarded as a penalty for intentional spoliation of evidence.  But it is no mystery why such a case would not exist:   in most situations, an adverse inference is available as  an  appropriate remedy for intentional spoliation.   And at least one Louisiana court has suggested in passing dicta that damages are an appropriate remedy for an

---

[26] 172 So. 3d 589 (La. 2015).
[27] *Id.*
[28] 172 So. 3d at 596-97.

intentional spoliation claim.[29]   Notably, Foremost does not cite to any case which holds the contrary, namely, that damages are *not* a potential remedy available for intentional spoliation of evidence. The Court therefore does not find that the lack of a case awarding damages for a recently recognized tort dispositive of the fact that damages are not available.

Because the cause of action arises under Louisiana Civil Code article 2315, monetary damages are presumptively available.[30] The Court notes that other states which have recognized the tort of intentional spoliation have similarly recognized that monetary damages are an appropriate remedy for the tort.[31]   In short, while no party has cited, and the Court has failed to find, a case which has affirmatively held a defendant liable for monetary damages for intentional spoliation (a relatively new tort), the Court finds that that does not mean such damages are never available. Foremost's Motion for Summary Judgment as to an intentional spoliation claim is therefore denied.

The Court notes that Foremost's opening Motion referenced only negligent spoliation claims under Louisiana law in its argument.[32]   As previously discussed, the Louisiana Supreme Court has explicitly held that no such cause of action exists

---

[29] *Robertson v. Frank's Super Value Foods, Inc.*, 7 So.3d 669, 671 (La. App 5 Cir. 2009) (reversing summary judgment in a case where a Plaintiff sought damages for intentional spoliation).

[30] *See, e.g. Perry v. Starr Indemnity & Liability Co.*, 280 So.3d 813 (La. App. 2 Cir. 2019) ("The term damages refers to pecuniary compensation, recompense, or satisfaction for an injury sustained." (citing *McGee v. AC And S, Inc.*, 933 So.2d 770, 773 (La. 2006)); *Nola Ventures, LLC v. Upshaw Ins. Agency, Inc.*, 48 F. Supp. 3d 916 (E.D. La. 2014) (same).

[31] *See, e.g.*, *Rizzuto v. Davidson Ladders, Inc.*, 905 A.2d 1165, 1181 (Conn. 2006) (recognizing the tort of intentional spoliation and holding that monetary damages are available); *Holmes v. Amerex Rent-A-Car*, 710 A.2d 846, 852-53 (D.C. App. 1998) (recognizing the tort of intentional spoliation and holding that monetary damages are available).

[32] *See generally* R. Doc. 19-1.

under Louisiana law.[33]   Indeed, other parties in this action have acknowledged as much.[34]   Therefore, to the extent Foremost seeks only an order clarifying that a party may not pursue a negligent spoliation claim under Louisiana law against it, the Court grants the Motion.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment is **DENIED IN PART** and **GRANTED IN PART**.   To the extent a party asserts a negligent spoliation claim under Louisiana law against Foremost, the Motion is granted.   The Motion is otherwise denied.

New Orleans, Louisiana, November 25, 2020.

**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[33] *Reynolds v. Bordelon*, 172 So. 3d 589 (La. 2015).
[34] R. Doc. 53 at 3; R. Doc. 54 at 3.