UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF GABRIEL LASALA, AS OWNER OF THE 2016 WORLD CAT MODEL 295CC, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO. 18-11057 c/w<br>18-11138, 19-9706<br>19-9798, 19-9819<br><br>SECTION D (2) |

THIS DOCUMENT RELATES TO ALL CASES

ORDER AND REASONS

Before the Court is Cantium, LLC's Motion for Summary Judgment Regarding Lack of Negligence on the Part of Cantium.[1] The Motion is opposed,[2] and Cantium, LLC has filed a Reply.[3] After careful consideration of the parties' memoranda, the record, and the applicable law, the Courts denies the Motion.

I.  FACTUAL BACKGROUND

This case arises from a boat's allision with a fixed platform. The instant Motion deals largely with details regarding the platform itself. The Main Pass BE37 platform is an oil platform off the coast of Louisiana.[4] The platform has existed since the 1960s.[5] Initially owned by Chevron, ownership was transferred to Cantium, LLC ("Cantium") in 2017.[6] As relevant to this dispute, the platform has at times been modified, including to expand its size and to alter the navigational aid light ("nav-

---

[1] R. Doc. 135.
[2] R. Doc. 139 (Gabriel Lasala, as vessel owner); R. Doc. 142 (Gabriel Lasala and Rachel Lasala, in their personal capacities).
[3] R. Doc. 168.
[4] R. Doc. 135-3.
[5] *Id.*
[6] *See* R. Doc. 135-6 at 1.

aid"). In 2002, Chevron submitted an application to expand the platform's size to 30' x 36.5'.[7] In 2016, Chevron changed the nav-aid light, and submitted an application to the United States Coast Guard for approval of the modification.[8] That application listed a single light on the platform, and was approved by the Coast Guard.[9] The platform has also had various regulatory inspections throughout its lifespan. For example, the platform and the nav-aid light were inspected various times from 2013-2018.[10]

As described in more detail elsewhere, a vessel navigated by Gabriel Lasala allided with the Platform in the early morning hours of April 29, 2018.[11] Lasala testified that he did not see any light on the platform.[12] Those aboard the vessel sustained significant injuries, and this litigation ensued.[13]

Cantium now moves for summary judgment, seeking a ruling that it was not negligent.[14] In its Motion, Cantium argues that Lasala is presumed to be at fault under the *Oregon* Rule, as he navigated a moving vessel into a stationary platform. Cantium also argues that Lasala should be presumed to be at fault based on the *Pennsylvania* Rule, as Cantium contends he violated various regulations. Cantium further contends that there is no evidence that it was negligent. Cantium states that

---

[7] R. Doc. 139-2 at 27.
[8] R. Doc. 135-5.
[9] *Id.*
[10] *See* R. Doc. 135-10.
[11] *See* R. Doc. 217 (Factual Background).
[12] R. Doc. 139-5 at 34-35 ("My answer is that I did not see the light and I've been navigating in the Gulf of Mexico for 25 years and I have seen plenty of lights . . . I did not see any light that was lit . . . My position is that I didn't see a light.").
[13] *See* R. Doc. 1; Docket No. 19-9798, R. Doc. 1; Docket No. 18-11138, R. Doc. 1; Docket No. 19-9706, R. Doc. 1.
[14] R. Doc. 135.

"In this matter, the issue is whether Cantium breached its duty to mark its fixed platform with proper, functioning nav-aids."[15] Cantium cites to various evidence including the testimony of Marc Junot, one of the passengers on the vessel, the testimony Inspector Jason Bowen, and the regulatory history of the platform to argue that it was not negligent.

In his Opposition,[16] Lasala argues that because the platform was 30' x 36.5', 33 C.F.R. § 67.05-1(b) required the platform to have two navigation lights, which it indisputably did not. Lasala also argues that Cantium was negligent for failing to have a single functioning navigational light. To support this proposition, Lasala points to various witnesses' testimony, in which they stated that they did not see a light or did not see a light that worked as it should have. Gabriel Lasala (in his personal capacity) and Rachel Lasala have also filed an Opposition making nearly identical arguments.[17]

Cantium has filed a Reply,[18] in which it argues that it "is not clear" that 33 C.F.R. § 67.05-1(b) required the platform to have two lights, as they would be "nearly on top of one another and would serve no purpose under the regulation."[19] Cantium also argues that because the platform was inspected by government agencies and approved, the regulation cannot create a presumption of liability. Canitum also reiterates its position that a nav-aid was on and working at the time of the allision.

---

[15] R. Doc. 135-1 at 13.
[16] R. Doc. 139.
[17] R. Doc. 142.
[18] R. Doc. 168.
[19] *Id.* at 4.

## II. LEGAL STANDARD

Summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[20] When assessing whether a dispute regarding any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[21] While all reasonable inferences must be drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or "only a scintilla of evidence."[22] Instead, summary judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party.[23]

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial."[24] The non-moving party can then defeat summary judgment by either submitting evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[25] If, however, the nonmoving party will bear the burden of proof at trial on the dispositive issue,

---

[20] Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).
[21] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008) (citations omitted).
[22] *Id.* (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (internal quotation marks omitted).
[23] *Delta & Pine Land Co.*, 530 F.3d at 399 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248).
[24] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991).
[25] *Id.* at 1265.

the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[26] The burden then shifts to the nonmoving party who must go beyond the pleadings and, "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[27]

This case is set for a bench trial. The Fifth Circuit has held that "even at the summary judgment stage, a judge in a bench trial has the limited discretion to decide that the same evidence, presented to him or her as trier of fact in a plenary trial, could not possibly lead to a different result."[28] This is because "it makes little sense to forbid the judge from drawing inferences from the evidence submitted on summary judgment when that same judge will act as the trier of fact."[29]

### III. ANALYSIS

Although the parties vigorously dispute the application of the *Pennsylvania* Rule and whether Cantium violated 33 C.F.R. § 67.05-1(b), the Court need not wade into that dispute to resolve the instant Motion. Rather, the Court need only consider the issue as Cantium itself posed it: "In this matter, the issue is whether Cantium breached its duty to mark its fixed platform with proper, functioning nav-aids."[30]

---

[26] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).
[27] *Celotex Corp.*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).
[28] *Matter of Placid Oil Co.*, 932 F.2d 394, 398 (5th Cir. 1991).
[29] *Id.*
[30] R. Doc. 135-1 at 13.

There is sufficient evidence to create a disputed issue of material fact regarding whether Cantium marked its fixed platform with proper, functional nav-aids. This evidence includes the testimony of Lasala himself,[31] as well as that of Dale Presser.[32] Although Cantium cites to evidence to the contrary, a disputed issue of material fact exists, precluding summary judgment in Cantium's favor.[33]

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment is **DENIED**.

New Orleans, Louisiana, May 19, 2021.

*Wendy B Vitter*

**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[31] R. Doc. 139-5 at 34-35 ("My answer is that I did not see the light and I've been navigating in the Gulf of Mexico for 25 years and I have seen plenty of lights . . . I did not see any light that was lit . . . My position is that I didn't see a light.").

[32] R. Doc. 139-10 at 8 ("[Q.]  At any time during that period, before the – struck the Cantium platform, did you ever see any lights on any platform including the Cantium Platform?  A.  No.").

[33] The Court notes that, though it need not reach the question of whether the *Oregon* Rule applies in resolving this Motion, application of that rule would not alter the outcome when there is some evidence Canitum was negligent.  *See, e.g.*, *Combo Maritime, Inc. v. U.S. United Bulk Terminal, LLC*, 615 F.3d 599, 608 (5th Cir. 2010).