## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF GABRIEL        CIVIL ACTION
LASALA, AS OWNER OF THE 2016
WORLD CAT MODEL 295CC, FOR     NO. 18-11057 c/w
EXONERATION FROM OR LIMITATION   18-11138, 19-9706
OF LIABILITY                            19-9798, 19-9819

SECTION D (2)

### THIS DOCUMENT RELATES TO ALL CASES

### ORDER AND REASONS

Before the Court are Gabriel Lasala's Motions for Summary Judgment on Cantium, LLC's Claims for Contribution and Indemnity.[1] Cantium, LLC has filed an Opposition,[2] and Lasala has filed Replies.[3] After careful consideration of the parties' memoranda, the record, and the applicable law, the Courts grants the Motions.

## I. FACTUAL BACKGROUND

This case arises from a boat's allision with a fixed platform. As described in more detail elsewhere, a vessel navigated by Gabriel Lasala allided with a fixed platform owned by Cantium, LLC ("Cantium").[4] Aboard the vessel were Dale Presser and his minor son, Marc Junot, and Randall Patterson. Presser suffered numerous injuries as a result of the allision.[5] He brought suit against various defendants,

---

[1] R. Doc. 194 (Lasala as Plaintiff); R. Doc. 195 (Lasala as Defendant). The Court notes that the dual motions for Lasala is a unique feature of the fact he is represented in multiple capacities. Because the Motions significantly overlap and seek the same relief, the Court considers them together.
[2] R. Doc. 206.
[3] R. Doc. 204 (Lasala as Plaintiff); R. Doc. 208 (Lasala as Defendant).
[4] *See* R. Doc. 217 (Factual Background).
[5] *See* Docket No. 18-11138, R. Doc. 1.

including Lasala and Cantium.[6]  Junot and Patterson also suffered injuries and brought suit, along with their wives, Brittney Wallace and Melanie Patterson, against Lasala and Cantium.[7]  Junot, Wallace, and the Pattersons settled their respective claims with both Cantium, and Lasala. Cantium has also filed counterclaims against Lasala for negligence, as well as contribution and indemnity.[8] The Court has determined that the claims arise under the Court's admiralty jurisdiction.[9]

The Pressers later settled with Cantium, but not with Lasala.[10]  The Presser settlement contains the following provision:

> Notwithstanding the foregoing, [The Pressers] reserve all rights and causes of action against Dr. Gabriel Lasala and his insurers (including particularly, but not exclusively, Foremost Insurance Company).  In the event the court or jury awards [the Pressers] damages against Dr. Gabriel Lasala and his insurers (including particularly, but not exclusively, Foremost Insurance Company), Cantium, LLC.'s insurers will be reimbursed IN FULL prior to [the Pressers] recovering any damages.  If Cantium, LLC. is found free of fault and the award is less than [REDACTED] then Cantium, LLC's insurers shall recover the ENTIRE PROCEEDS of [REDACTED] from the damages awarded by the court or jury.  If Cantium, LLC is assigned a percentage of fault by the court, then the recovery by Cantium's LLC's insurers shall be reduced by that percentage of fault.  For example, if the court determines that Cantium is 40% at fault, and Dr. Gabriel Lasala is

---

[6] *Id.*

[7] *See* Docket No. 19-9706, R. Doc. 1.

[8] *See* Docket No. 18-11138, R. Doc. 12; Docket No. 19-9798, R. Doc. 7.  Cantium has since settled with the Pressers.  *See* R. Doc. 176.

[9] R. Doc. 180.

[10] *See* R. Doc. 206-1.

> 60% at fault for the Presser claims, then the recovery by
> Cantium LLC's insurers recovery is reduced by 40%.[11]

Lasala now moves for summary judgment on Cantium, LLC's contribution and indemnity claims against Lasala, which are premised on Cantium's settlement with the Pressers, Pattersons, Junot, and Wallace.[12]  Lasala argues that admiralty law only allows for indemnity under three circumstances, none of which are present here. As none of those circumstances exist in this case, Lasala asserts that Cantium cannot maintain a valid indemnity claim.  Specifically regarding the Pattersons and Junots, Lasala argues that Cantium's contribution claims are barred because Lasala has separately settled with the Pattersons and Junots.  Finally, Lasala argues that Cantium's contribution claims related to the Pressers are barred by the proportionate share rule established by the United States Supreme Court in *McDermott, Inc. v. AmClyde*.[13]  Lasala further argues that Cantium's settlement with the Pressers does not fall into the exception to the *AmClyde* rule that the Fifth Circuit created in *Combo Maritime, Inc. v. U.S. United Bulk Terminal, LLC*[14] because Cantium did not secure a full release of the Pressers' claims against Lasala.

Cantium has filed an Opposition.[15]  While acknowledging the impact of *AmClyde*, Cantium argues that *AmClyde* creates only a "presumption" that a settling tortfeasor cannot pursue a contribution claim against a non-settling tortfeasor, and

---

[11] R. Doc. 206-1 at 6-7.  For ease of reference, the Court refers to this provision in this order as the "Buyback Provision."  The Court further notes that this settlement agreement incorporated a December 2020 Settlement Agreement.  *See* R. Doc. 208-1.
[12] R. Doc. 194 (Lasala as Plaintiff); R. Doc. 195 (Lasala as Defendant).
[13] 511 U.S. 202 (1994).
[14] 615 F.3d 599 (5th Cir. 2010).
[15] R. Doc. 206.

that it has rebutted this presumption by designing its settlement with the Pressers such that the amount of the settlement depends in part on the factfinder's final allocation of fault.  Cantium also argues that although technically styled as a "contribution" claim, its claim constitutes a demand for direct damages it was forced to pay due to Lasala's negligence.  Alternatively, Cantium argues that summary judgment on this issue is premature because the final allocation of fault has yet to be determined.

Lasala has filed Replies.[16]  Lasala argues that an earlier settlement agreement entered into by Cantium and the Pressers (which is incorporated into the settlement agreement at issue) undermines Cantium's argument that the settlement agreement turns on the factfinder's final allocation of fault.  Lasala further argues that neither *AmClyde* nor *Combo Maritime* create a rebuttal presumption, and that a contract between the parties cannot abrogate maritime law.

## II.   LEGAL STANDARD

Summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[17]  When assessing whether a dispute regarding any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[18]   While all reasonable

---

[16] R. Doc. 204 (Lasala as Plaintiff); R. Doc. 208 (Lasala as Defendant).
[17] Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).
[18] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008) (citations omitted).

inferences must be drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or "only a scintilla of evidence."[19]  Instead, summary judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party.[20]

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial."[21]  The non-moving party can then defeat summary judgment by either submitting evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[22]  If, however, the nonmoving party will bear the burden of proof at trial on the dispositive issue, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[23]  The burden then shifts to the nonmoving party who must go beyond the pleadings and, "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[24]

---

[19] *Id.* (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (internal quotation marks omitted).

[20] *Delta & Pine Land Co.*, 530 F.3d at 399 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248).

[21] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991).

[22] *Id.* at 1265.

[23] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

[24] *Celotex Corp.*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

This case is set for a bench trial.  The Fifth Circuit has held that "even at the summary judgment stage, a judge in a bench trial has the limited discretion to decide that the same evidence, presented to him or her as trier of fact in a plenary trial, could not possibly lead to a different result."[25]  As determined by the Fifth Circuit, "it makes little sense to forbid the judge from drawing inferences from the evidence submitted on summary judgment when that same judge will act as the trier of fact."[26]

## III.   ANALYSIS

As an initial matter, the Court notes that Cantium does not make any argument with respect to its claims against Lasala arising from contribution or indemnity based on Cantium's settlement with the Pattersons and Junots.  Indeed, as Lasala has already settled with those parties, Cantium's contribution claims are barred under the plaint language of *AmClyde* and *Boca Grande Club, Inc. v. Fla. Power & Light Co.*[27]  Accordingly, those claims are dismissed.

Similarly, Cantium makes no argument as to indemnity claims.  In admiralty law, indemnity claims arise only under three theories:  "(1) a vicariously liable or non-negligent tortfeasor, upon which the law imposes responsibility even though he committed no negligent act, may seek indemnity from the party at fault; (2) a vessel owner may recover indemnity from a stevedore if the stevedore breaches the warranty of workmanlike performance implied in the contract between the vessel owner and the stevedore; or (3) a party may seek indemnity against another party where there

---

[25] *Matter of Placid Oil Co.*, 932 F.2d 394, 398 (5th Cir. 1991).
[26] *Id.*
[27] 511 U.S. 222 (1994) ("[A]ctions for contribution against settling defendants are neither necessary nor permitted").

is an indemnity provision in a maritime contract."[28]   None of the above three circumstances are present here.   Accordingly, Cantium's indemnity claims are dismissed.

The Court therefore turns to the crux of the dispute:  whether Cantium may assert a contribution claim against Lasala in light of its settlement with the Pressers. As described below, on these facts, that claim is also barred by admiralty law.

"Contribution is defined as the 'tortfeasor's right to collect from others responsible for the same tort after the tortfeasor has paid more than his or her proportionate share, the shares being determined as a percentage of fault.'"[29]   In *McDermott v. AmClyde*, the United States Supreme Court held that the proportionate share rule applies in admiralty actions.   Under that rule, each party is liable for their proportionate fault, and "no suits for contribution from the settling defendants are permitted, nor are they necessary, because the settling defendants pay no more than their share of the judgment."[30]   Accordingly, suits for contribution against a non-settling defendant (here, Lasala) by settling defendants (here, Cantium) are generally barred.

In *Combo Maritime v. U.S. United Bulk Terminal, LLC*, the Fifth Circuit recognized a narrow exception to the *AmClyde* rule.   Specifically, the *Combo Maritime* court held that "*AmClyde* does not prevent an action for contribution for a settling

---

[28] *Pacific-gulf Marine, Inc. v. Norsafe AS*, No. 10-4149, 2011 WL 13213832, at *6 (E.D. La. Feb. 14, 2011) (citing *Hardy v. Gulf Oil Corp.*, 949 F.2d 826, 833-34 (5th Cir. 1992).
[29] *Combo Maritime, Inc. v. U.S. United Bulk Terminal, LLC*, 615 F.3d 599, 602-03 (5th Cir. 2010) (quoting *United States v. Gulf Oil Corp.*, 949 F.2d 826, 829-30 (5th Cir. 1992)).
[30] *Id.* at 209; *see also United States v. Reliable Transfer Co.*, 421 U.S. 397 (1975).

tortfeasor who obtains, as part of its settlement with the plaintiff, a full release for all parties."[31]  The court in Combo Maritime reasoned that, upon a full release, the settling tortfeasor "essentially steps into the plaintiff's shoes and pursues the plaintiff's claim" and therefore the plaintiff's claim is not extinguished.[32]  The Fifth Circuit went on to specifically define "full release" in a footnote, stating:  "For the purposes of this opinion, 'full release' indicates that the plaintiff has release all potential tortfeasors from liability, regardless of whether the potential tortfeasor is a party to the settlement giving rise to the full release."[33]

Here, Cantium's contribution claim does not fall within the *Combo Maritime* exception because Cantium has failed to secure a "full release" as required by the unequivocal language of the Fifth Circuit.  Instead, both Cantium and the Pressers continue to pursue claims against Lasala: the Pressers for their damages, and Cantium for the money they paid the Pressers, which they attribute to Lasala.  Such an arrangement, where the settling plaintiff has not discharged the full claim, represents the exact sort of arrangement that the Supreme Court outlawed in *AmClyde*.

The presence of the buyback clause in the settlement agreement does not alter this analysis.  As an initial matter, before considering the import of any buyback clause, it is undisputed that Cantium has failed to obtain a "full release" of the Pressers claims against Lasala.  That significant obstacle remains.  Further, the

---

[31] *Id*. at 603.

[32] *Id*. at 603-04.

[33] *Id*. at 603 n.2.

buyback provision simply acts as a mechanism by which Lasala has limited its liability to a certain amount, but may receive some of the money it has paid in settlement back should it not be found at fault.  Such a provision, however, does not allow Cantium to "essentially step into the shoes" of the Pressers and pursue the same claim against Lasala for his proportionate share.

Nor does *AmClyde* create a rebuttable "presumption" as Cantium urges. Indeed, the word "presumption" is not present in *AmClyde*.  Further, *Combo Maritime* does not describe *AmClyde*'s holding as a presumption.  The legal landscape is better described as *AmClyde* creating a general rule—namely, that a settling tortfeasor may not seek contribution from a nonsettling tortfeasor—and *Combo Maritime* as creating an exception to that rule—that is, that a settling tortfeasor may seek contribution from a nonsettling tortfeasor only when he obtains a full release of the plaintiff's claims.  The Court understands Cantium's description of the *AmClyde* rule as a "rebuttable presumption" to instead be an argument that the *AmClyde* rule does not exist without exceptions (as demonstrated by *Combo Maritime*), and the Court should therefore carve out an additional exception here.  The language and reasoning of *Combo Maritime* forbid the Court from doing so, nor would it be appropriate for the Court to do so.

The Court further rejects Cantium's argument that "while its claim against Lasala is technically styled as a 'contribution' claim, those claims also constitute direct damages that Cantium has been forced to pay due to Lasala's negligence."[34]

---

[34] R. Doc. 206 at 2.

Putting aside whether this would be a novel claim brought at this late stage of the litigation, any such claim would act, practically, as the exact contribution claim under consideration here.  Cantium has found it appropriate to pay the Pressers a certain sum to limit their liability in this action.  Cantium's action in turning around and demanding that amount from Lasala—on the theory that he is the sole tortfeasor who was negligent—is substantively a contribution claim, however "technically" termed. Such a claim is barred on these facts for the reasons discussed above.

Finally, the Court rejects Cantium's argument that dismissal of Cantium's contribution claim is premature pending a determination of allocation of fault after trial.  On the facts as they stand now, the claim runs afoul of *AmClyde* and must be dismissed.   But because those facts could yet change, the Court will dismiss Cantium's contribution claims, as to the Pressers only, without prejudice.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that the Motions for Summary Judgment are **GRANTED**.  Cantium's contribution claim against Lasala based on its settlement with the Pressers is **DISMISSED WITHOUT PREJUDICE**.  Cantium's indemnity claims against Lasala based on its settlement with Junot, Wallace, and the Pattersons are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, June 10, 2021.

**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**