UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF GABRIEL LASALA, AS OWNER OF THE 2016 WORLD CAT MODEL 295CC, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO. 18-11057 c/w<br>18-11138, 19-9706<br>19-9798, 19-9819<br><br>SECTION D (2) |

THIS DOCUMENT RELATES TO ALL CASES

ORDER AND REASONS

Before the Court is Gabriel Lasala's Motion *in Limine* Regarding Objections to the Text Message Exhibit.[1] The Motion is opposed.[2] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court denies the Motion.

The exhibit at issue is a January 7, 2021 text message sent from Lasala stating:

> You should be glad you are not skiing. Life is a fucking mess here. They have to limit ski tickets to I am in a ski in ski out but they won't sell me tickets. I am sitting and watching all lift go up empty. I can only get tickets for tomorrow in my 6 day stay. I bought tickets to ski copper mountain Saturday then got an email saying and [sic] and need a parking pass. Guess what, there are no parking passes! And tickets are not refundable![3]

Lasala moves to exclude the exhibit on the grounds that it is irrelevant, lacks context, and is hearsay. The Pressers oppose Lasala's Motion, arguing that the

---

[1] R. Doc. 276.
[2] R. Doc. 280.
[3] This exhibit was initially withheld by the Pressers as impeachment evidence. The Court later ordered that the exhibit must be disclosed as it was at least partially substantive in nature. *See* R. Doc. 265.

exhibit speaks to the nature and extent of Lasala's injuries, as well as his credibility in describing those injuries.

The text message is relevant under Federal Rule of Evidence 401, as it speaks to the nature and extent of Lasala's injuries and loss of enjoyment caused by those injuries.  The probative value of the evidence is not substantially outweighed by unfair prejudice, and even if it were, Federal Rule of Evidence 403 is not applicable in a bench trial.[4]  Finally, the exhibit is not barred by the rule against hearsay, as the statement of Lasala is a party statement which falls under the exclusions to the definition of hearsay listed in Federal Rule of Evidence 801(d)(2).

**IT IS HEREBY ORDERED** that Lasala's Motion is **DENIED**.  The exhibit at issue shall be entered into evidence at the beginning of trial.

New Orleans, Louisiana, June 14, 2021.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[4] *See, e.g.*, *Gulf States Utilities Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981) (holding that concerns over undue prejudice under Federal Rule of Evidence 403 have "no logical application to bench trials."); *In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico, on April 20, 2010*, No. MDL 2179, 2012 WL 295048, at *4 n.7 (E.D. La. Feb. 7, 2012) (same).