UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF GABRIEL LASALA, AS OWNER OF THE 2016 WORLD CAT MODEL 295CC, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO. 18-11057 c/w<br>18-11138, 19-9706<br>19-9798, 19-9819 |

SECTION D (2)

**THIS DOCUMENT RELATES TO ALL CASES**

**ORDER AND REASONS**

Before the Court is Gabriel Lasala's Motion for New Trial and Motion to Amend Findings of Fact and Conclusions of Law and Judgment filed by Gabriel Lasala.[1] The Presser plaintiffs have filed a Memorandum of no opposition to the substance of Lasala's Motion.[2]

Also before the Court is a Motion for New Trial, to Alter, and/or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59 filed by Foremost Insurance Company Grand Rapids, Michigan ("Foremost").[3] The Presser plaintiffs have filed a response of no opposition.[4] Cantium has also filed an opposition.[5]

After careful consideration of the parties' memoranda and the applicable law, Lasala's Motion for New Trial and Motion to Amend Findings of Fact and Conclusions of Law and Judgment[6] is **GRANTED** and Foremost's Motion for New Trial, to Alter,

---

[1] R. Doc. 309. Unless otherwise specified, all footnotes refer to the docket of the master file, 18-11057.
[2] R. Doc. 314.
[3] R. Doc. 310.
[4] R. Doc. 313.
[5] R. Doc. 315.
[6] R. Doc. 309.

and/or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59[7] is **GRANTED**.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

As the factual background of this case has been extensively briefed in numerous pre-trial rulings, the Court limits its recitation of background information to matters relevant to this motion. Following a bench trial of this matter held on June 17-23, 2021, the Court issued its Findings of Fact and Conclusions of Law as well as a Judgment in the matter.[8]

Thereafter, Gabriel Lasala timely filed a Motion for New Trial and Motion to Amend Findings of Fact and Conclusions of Law and Judgment.[9] Lasala asks the Court to amend the damages awarded in its Findings of Fact "to reflect that the amount due to Dr. Presser is net of income taxes, as required by the Fifth Circuit in Culver v. Slater Boat Co., 722. F.2d 114 (5th Cir. 1983)."[10]  In support of its Motion, Lasala attached the unopposed Declaration of Ralph Litolff, a forensic accounting expert who testified at the trial of this matter.[11]  Lasala claims that, "Based on the Court's Findings of Fact, Litolff calculated that the total past wage loss award associated with the hiring of the nurse practitioner would be $279,123.29, and that, "Once state and federal taxes are subtracted, the award for past loss wage, net of taxes is $164,683.29."[12]  Regarding future wage loss, Lasala asserts that, "Litolff

---

[7] R. Doc. 310.
[8] R. Doc. 305 and R. Doc. 306, respectively.
[9] R. Doc. 309.
[10] R. Doc. 309.
[11] R. Doc. 309-2.
[12] R. Doc. 309-1 at p. 3 (*citing* R. Doc. 309-2 at ¶ 6).

calculated the total future wage loss award associated with the hiring of the nurse practitioner to be $350,136.99. Once state and federal taxes are subtracted, the award net of taxes is $206,580.99."[13] Based on Litolff's Declaration, Lasala asks the Court to amend its October 29, 2021 Findings of Facts and Conclusions of Law[14] and corresponding Judgment[15] to reflect a total award to Dr. Presser of $371,264.27 for past and future loss wage damages associated with the hiring of a nurse practitioner before the application of Lasala's finding of fault, and $315,574.64 after application of Lasala's finding of fault.[16] The Presser plaintiffs submitted a Memorandum in Response to Gabriel Lasala's Motion to Amend Judgment, asserting that they "have no opposition to the methodology or the calculations made by Mr. Litolff."[17]

Foremost also timely-filed a Motion for New Trial, to Alter, and/or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59.[18] Foremost contends that it and Cantium submitted a joint stipulation, filed in the record at R. Doc. 290-3, in lieu of calling any witnesses or submitting any additional evidence during the trial of this matter.[19] Foremost asserts that that joint stipulation provided the Court with the total for Foremost's alleged subrogation claim and Cantium's subrogation claim, and each parties' arguments as to these claims.[20] Foremost contends that, while the Court ruled on Cantium's subrogation claim in its October 29, 2021 Findings of Fact

---

[13] R. Doc. 309-1 at p. 3 (*citing* R. Doc. 309-2 at ¶ 6).
[14] R. Doc. 305.
[15] R. Doc. 306.
[16] R. Doc. 309-1 at p. 4.
[17] R. Doc. 314 at p. 1.
[18] R. Doc. 310.
[19] *Id.* at p. 1.
[20] *Id.* at p. 2.

and Conclusions of Law in the section entitled "Cantium's Damages Proven," the Court failed to rule on its (Foremost's) subrogation claims. Thus, it seeks a judgment in accordance with the Findings of Fact and Conclusions of Law as to Foremost's subrogation claims. Foremost asserts that, "This is not a request by Foremost that the Court alter its factual or legal findings. Instead, this is a request that the Court issue a ruling on Foremost's subrogation claim asserted in Docket Number 19-cv-9819."[21]

The Presser plaintiffs do not oppose Foremost's Motion, but suggest that the wording of any amended judgment be left to the Court.[22] Cantium has filed an Opposition brief "for the limited purpose of objecting to Foremost's claim for the $17,000 it incurred in connection with the post-incident towing, recovery, and storage of the Lasala vessel."[23] Cantium argues that Foremost did not properly preserve the vessel and is therefore not entitled to expenses incurred in its retrieval and short-term storage.[24] Cantium asserts no other objection to Foremost's Motion.

## II.  LEGAL STANDARD

**Motion for New Trial Under Fed. R. Civ. P. 59(a)(2).**

Federal Rule of Civil Procedure 59(a)(2) provides that "[a]fter a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new

---

[21] R. Doc. 310-1 at p. 3.
[22] R. Doc. 314 at p. 1.
[23] R. Doc. 315 at p. 2.
[24] *Id.*

ones, and direct the entry of a new judgment."[25]  Rule 59(a) permits the court to grant a new trial in a nonjury action if a new trial might be obtained under similar circumstances in a jury action.[26]  "A motion for new trial in a nonjury case or a petition for rehearing should be based upon "manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons."[27]

### III. ANALYSIS

Fifth Circuit law makes clear that damages awarded for past and future wages are subject to a below market discount.[28]  To the extent that the Court's October 29, 2021 Findings of Fact and Conclusions of Law and Judgment failed to include the amount of damages awarded to Dr. Presser net of taxes in accord with *Culver*, the Court finds it appropriate to do so.  The Court therefore grants Lasala's Motion and will amend its Findings of Fact and Conclusions of Law to reflect the correct amount of past and future wage loss awarded to Dr. Presser.

Turning to Foremost's Motion, to the extent that the Court's October 29, 2021 Findings of Fact and Conclusions of Law and corresponding Judgment failed to address Foremost's subrogation claim asserted in the consolidated case 19-cv-9819, the Court finds it appropriate to amend both documents in order to do so.  Accordingly, the Court will grant Foremost's Motion and amend both its Findings of

---

[25] Fed. Rule. Civ. P. 59(a)(2).
[26] 11 Charles Alan Wright et al., Federal Practice and Procedure § 2804 (2009).
[27] *Id.*
[28] *Culver v. Slater Boat Co.*, 722 F.2d 114, 122 (5th Cir. 1983) ("We hold that fact-finders in this Circuit must adjust damage awards to account for inflation according to the below-market discount rate method.").

Fact and Conclusions of Law and the corresponding Judgment to include a ruling on Foremost's subrogation claim.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Motion for New Trial and Motion to Amend Findings of Fact and Conclusions of Law and Judgment, filed by Gabriel Lasala,[29] is **GRANTED** as indicated. **IT IS FURTHER ORDERED** that the Motion for New Trial, to Alter, and/or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59, filed by Foremost Insurance Company Grand Rapids, Michigan,[30] is **GRANTED** as indicated.  The Court shall issue Amended Findings of Fact and Conclusions of Law as well as an Amended Judgment following this Order.

New Orleans, Louisiana, September 29, 2022.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[29] R. Doc. 309.
[30] R. Doc. 310.